IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

TIMOTHY SHEA, ET AL.,           )     CIVIL NO. 09-00480 LEK-RLP
                                )
           Plaintiffs,          )
                                )
      vs.                       )
                                )
KAHUKU HOUSING FOUNDATION,      )
INC., ET AL.,                   )
                                )
           Defendants.          )
_____  )


**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND GRANTING PLAINTIFFS'
MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

On February 7, 2011, Plaintiffs Timothy Shea,

Marty Jacqueline Lee, and Don E. Murdock, individually ("Named

Plaintiffs"), and on behalf of all persons similarly situated

(all collectively "Plaintiffs" or the "Class") filed a Motion for

an Award of Attorneys' Fees and Costs ("Motion").  Plaintiffs

filed an amended declaration and exhibit in support of the Motion

on February 10, 2011.  Defendant/Cross Claimant Kahuku Housing

Foundation, Inc. ("KHFI") and Defendant/Cross Defendant Hawaiian

Properties, Ltd. ("HPL", both collectively "Defendants") did not

respond to the Motion.  On March 14, 2011, this matter came

before the Court for a final fairness hearing for the proposed

class action settlement[1] and a hearing on Plaintiffs' Motion.

_____

[1] This Court approved and filed the parties' Stipulation for
                                              (continued...)

Jason Kim, Esq., and M. Victor Geminiani, Esq., appeared on behalf of Plaintiffs; Lani Narikiyo, Esq., appeared on behalf of KHFI; and Matt Tsukazaki, Esq., appeared on behalf of HPL. Also on March 14, 2011, Plaintiffs filed their Submission of Opt-Out Letters. For the reasons set forth below, and after due consideration of the evidence and arguments presented by the parties and the record in this case, the Court CONCLUDES that good cause exists to GRANT final approval of the settlement agreement in this action pursuant to Federal Rules of Civil Procedure Rule 23(e) and to GRANT Plaintiffs' Motion.

## BACKGROUND

Plaintiffs filed their class action complaint on September 8, 2009 in state court. On October 9, 2009, HPL removed the action based on federal question jurisdiction because Plaintiffs' claims relate to or arise out of the administration and management of a Section 8 new construction project created pursuant to 42 U.S.C. § 1437a(a)(1). [Notice of Removal at ¶¶ 3, 5.]

Each of the Named Plaintiffs resides in the Kahuku Elderly Housing Project ("the Project") pursuant to a rental

---

[1](...continued)
Preliminary Approval of Settlement and Order on November 22, 2010. [Dkt. no. 56.] The Court also approved and filed the parties' Amended Stipulation for Preliminary Approval of Settlement and Order on December 3, 2010. [Dkt. no. 57.] The Court will refer to the amended document as the "Preliminary Approval Stipulation and Order".

agreement with KHFI by its agent HPL.  Each of them receives a
utility allowance from Defendants, which Defendants deduct from
his or her rent balance pursuant to the applicable regulations
governing Section 8 housing.  [Complaint at ¶¶ 20-25, 27-28, 30-
31, 33-34.]  The Complaint alleges that Defendants failed to make
the required adjustments to the utility allowances to account for
increases in utility rates in excess of ten percent since the
last update of the allowances.  This forced Plaintiffs to pay
amounts for utility bills in excess of thirty percent of their
income, contrary to the applicable statutes and regulations.
Further, although allegedly knowing of the falsity of their
statements, Defendants certified that they calculated Plaintiffs'
rents pursuant the applicable regulations and procedures.  [Id.
at ¶¶ 35-38.]  The Complaint alleges that this constitutes a
breach of the rental agreements and unfair trade practices
prohibited by Haw. Rev. Stat. Chapter 480.  The Complaint seeks
damages, declaratory and injunctive relief, and attorneys' fees
and costs, pre-judgment interest, and any other just and proper
relief.

On November 1, 2010, this Court approved the parties'
Stipulation Re Leave to File First Amended Complaint and Order.
[Dkt. no. 53.]  Plaintiffs filed their First Amended Complaint on
November 2, 2010.  [Dkt. no. 54.]  The First Amended Complaint
notes that Plaintiff Shea passed away during the pendency of the

3

action.  [Id. at ¶ 28.]  It also acknowledged the existence of
federal jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)
and supplemental jurisdiction over the state law claims pursuant
to 28 U.S.C. § 1367.  [Id. at ¶¶ 7-8.]

        The First Amended Complaint includes new factual
allegations adding further evidence to the existing claims.
Defendants allegedly revoked permission for the Kahuku Public
Library's Bookmobile ("the Bookmobile") to come to the Project
and allegedly denied access to the Community Center, a common
facility generally open to Project residents six days per week.
Plaintiffs claim that these actions, and Defendants' policies and
decisions related thereto, were in retaliation for Plaintiffs'
enforcement of their legal rights.  [Id. at ¶¶ 40-43.]

        On November 4, 2010, this Court approved the parties'
Stipulation Regarding Class Certification; Order.  [Dkt. no. 55.]
The certified class consists of:

> [a]ll persons who are, were, or will be head of
> household tenants at Kahuku Elderly Housing
> Project, who were or are (a) entitled to receive
> utility allowances from the Kahuku Housing
> Foundation as part of their section 8 subsidy at
> any time during which Defendants Kahuku Housing
> Foundation and/or Hawaiian Properties, Ltd. failed
> or fails to provide properly-calculated utility
> allowances for the Kahuku Elderly Housing Project;
> and (b) required, desired, sought, or expected,
> access to a bookmobile and community center simply
> because of their status as residents of the Kahuku
> Elderly Housing Project.

[Id. at 6-7.]

4

Throughout the course of this action, this Court presided over numerous settlement discussions between the parties. As a result of these discussions, which demonstrate good faith and arms-length negotiations, Plaintiffs and Defendants agreed on a settlement as set forth below.

## PROPOSED SETTLEMENT

Plaintiffs and Defendants agreed to a settlement as follows:

- Defendants will deposit the sum of $59,806.13 ("Settlement Funds") into a bank account opened and/or maintained by HPL in full satisfaction of all claims of the Class;
- HPL will make actual distributions from the account, subject to the approval of Plaintiffs' counsel;[2]
- $21,766.13 from the Settlement Funds will be paid to Plaintiffs' counsel for their attorneys' fees and costs, and Plaintiffs' counsel waives any claim to future fees and costs;
- $1,000 from the Settlement Funds will be paid to each Named Plaintiff (in addition to any payment made to each member of the Class);
- HPL will assist Plaintiffs in identifying the members of the Class;
- HPL will notify the Class members of the settlement and advise Plaintiffs' counsel about the details of the distribution checks;
- funds will be held until the receipt of releases from Class members entitled to ninety percent of the funds allocated to settlements;
- upon Plaintiffs' counsel approval of the information, HPL will deliver the checks to all Class members who can be located;
- the parties will execute mutual releases of all claims in this action;
- if individual members of the Class cannot be located or opt out of the settlement, any remaining amounts of the Settlement Funds will be released to Defendants, based on their agreed to allocation of responsibility;

_____

[2] The parties will submit a record of the actual disbursements to the Court under seal. [Prelim. Approval Stip. & Order at 5.]

- the Project's residents shall be permitted access to the Bookmobile and the community center pursuant to the terms of Exhibit 1 to the Preliminary Approval Stipulation and Order, as long as the Bookmobile service is provided by the library system and the Project is operated as a housing project; and
- the parties may stipulate to dismiss this action with prejudice upon Court approval of the settlement.

[Prelim. Approval Stip. & Order at 5-7.]

## PRELIMINARY APPROVAL OF SETTLEMENT AND
## NOTICE OF THE SETTLEMENT TO THE CLASS

This Court granted preliminary approval of the settlement, finding that it was "fair, reasonable, and adequate" as required by Fed. R. Civ. P. Rule 23(e). [Id. at 10.] The Court scheduled a final fairness hearing for March 7, 2011 and filed the Notice of Settlement of Class Action on January 12, 2011. [Dkt. no. 58.]

The Court subsequently continued the final fairness hearing from March 7, 2011 to March 14, 2011. [EO, filed 1/20/11 (dkt. no. 59).] On January 20, 2011, HPL filed an Amended Notice of Hearing Date for the final fairness hearing. [Dkt. no. 60.]

At the hearing on the Motion, Mr. Tsukazaki, counsel for HPL, represented that HPL hand-delivered, to each unit in the Project: notice of the settlement with the original date of the final fairness hearing; and, later, notice of the of new hearing date. Mr. Tsukazaki stated that, after the distribution of the new hearing date, he received some inquiries from residents of the Project who did not wish to participate in the settlement. Mr. Tsukazaki directed each of them to write a letter stating his

6

or her position. Eight residents of the Project submitted such letters, and Plaintiffs' counsel filed them on March 14, 2011. [Dkt. no. 69.] In addition, at the hearing, Plaintiffs' counsel, Mr. Geminiani, represented that he spoke to two of the eight residents, including the resident who drafted a form letter that seven of the residents signed and submitted a copy of to Mr. Tsukazaki. Mr. Geminiani stated that the seven residents have a philosophical disagreement with resolving a dispute with the Project management through litigation. They did not object to either the terms of the settlement or the representation provided by Class counsel. In addition, one resident stated that she did not become a resident at the Project until January 2010, after any dispute occurred. [Id., Exh. A at 1.]

The Court therefore finds that, as required by Federal Rules of Civil Procedure Rule 23(e)(1), notice of the settlement was directed in a reasonable manner to all Class members who would be bound by the settlement.

### MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

Insofar as the settling parties have allocated a portion of settlement funds for Plaintiffs' attorneys' fees and costs, this Court must examine the reasonableness of the award before it can grant final approval of the settlement.

### I. Entitlement to Attorneys' Fees and Costs

The settlement agreement between Plaintiffs and

Defendants provides for an award of Plaintiffs' attorneys' fees
and costs.  Plaintiffs also argue that they are entitled to an
award of attorneys' fees pursuant to Haw. Rev. Stat. § 480-13
because the settlement resolves, *inter alia*, Plaintiffs' unfair
trade practices claim under Haw. Rev. Stat. § 480-2.  [Mem. in
Supp. of Motion at 4.]  Section 480-13(b) states:

> Any consumer who is injured by any unfair or
> deceptive act or practice forbidden or declared
> unlawful by section 480-2:
>
> (1) May sue for damages sustained by the consumer,
>     and, if the judgment is for the plaintiff,
>     the plaintiff shall be awarded a sum not less
>     than $1,000 or threefold damages by the
>     plaintiff sustained, whichever sum is the
>     greater, and reasonable attorney's fees
>     together with the costs of suit; provided
>     that where the plaintiff is an elder, the
>     plaintiff, in the alternative, may be awarded
>     a sum not less than $5,000 or threefold any
>     damages sustained by the plaintiff, whichever
>     sum is the greater, and reasonable attorney's
>     fees together with the costs of suit.  In
>     determining whether to adopt the $5,000
>     alternative amount in an award to an elder,
>     the court shall consider the factors set
>     forth in section 480-13.5; and
>
> (2) May bring proceedings to enjoin the unlawful
>     practices, and if the decree is for the
>     plaintiff, the plaintiff shall be awarded
>     reasonable attorney's fees together with the
>     costs of suit.

In order to obtain relief under § 480-13(b) in a claim for unfair
or deceptive acts brought pursuant to Haw. Rev. Stat. § 480-2,
the plaintiff must make a showing of injury.  <u>Balthazar v.
Verizon Hawaii, Inc.</u>, 109 Hawai`i 69, 77, 123 P.3d 194, 202

(2005).

At the hearing, Plaintiffs' counsel argued that Plaintiffs suffered an economic injury because of the failure to properly adjust the utility allowances included in the contract rents.  Neither counsel for KHFI nor counsel for HPL objected to this argument.  Based on the arguments at the hearing and the terms of the Preliminary Approval Stipulation and Order, the Court finds that Plaintiffs suffered an economic injury insofar as Defendants failed to increase the utility allowances in at least one of the years at issue in this case.  See, e.g., Preliminary Approval Stipulation and Order at ¶ 8.a. ("There is uncertainty in the strength of Plaintiffs' case, and disputed issues and evidence as to whether increases to the utility allowances were required in the years prior to 2008 . . . .").

An award of attorneys' fees under § 480-13(b), however, also requires the entry of judgment in favor of the plaintiff. Haw. Rev. Stat. § 480-13(b) ("**if the judgment is for the plaintiff**, the plaintiff shall be awarded . . . reasonable attorney's fees together with the costs of suit" (emphasis added)).  In contrast, other fee-shifting statutes provide for an award of attorneys' fees to the "prevailing party".  See Eggs 'N Things Int'l v. ENT Holdings LLC, Civ. No. 10-00298 JMS-LEK, 2011 WL 676226, at *6 (D. Hawai`i Feb. 17, 2011) (noting that § 480-

9

13(a)(2) and Haw. Rev. Stat. § 481A-4(b) "markedly differ").[3] Although the settlement in the instant case would arguably render Plaintiffs the "prevailing party", see id., there will not be a judgment in favor of Plaintiffs [Prelim. Approval Stip. & Order at 7]. The Court therefore finds that Plaintiffs are not eligible for an award of attorneys' fees pursuant to Haw. Rev. Stat. § 480-13(b). This, however, does not preclude Plaintiffs from recovering their attorneys' fees.

Federal Rule of Civil Procedure 23(h) states: "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." The Court therefore FINDS that, pursuant to Rule 23(h), the parties' stipulation alone is a sufficient basis for an award of reasonable attorneys' fees to Plaintiffs. The

_____

[3] Section 480-13(a) provides, in pertinent part:
> any person who is injured in the person's business or property by reason of anything forbidden or declared unlawful by this chapter:
> . . . .
> (2) May bring proceedings to enjoin the unlawful practices, and **if the decree is for the plaintiff**, the plaintiff shall be awarded reasonable attorney's fees together with the costs of suit.

(Emphasis added.) In contrast, § 481-4(b) states:
> The court may award attorneys' fees to **the prevailing party** if (1) the party complaining of a deceptive trade practice has brought an action which the party knew to be groundless, or (2) the party charged with a deceptive trade practice has wilfully engaged in the trade practice knowing it to be deceptive.

(Emphasis added.)

Court, however, emphasizes that it has only relied upon the parties' agreement as the basis for the award; the Court has not relied upon the parties' representation that the requested award is reasonable. The Court will independently review the requested award for reasonableness.

## II.  **Amount of the Award**

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the

> attorneys, (10) the "undesirability" of the case,
> (11) the nature and length of the professional
> relationship with the client, and (12) awards in
> similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been

subsumed in the lodestar calculation.  See Morales v. City of San

Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth

Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567

(1992), held that the sixth factor, whether the fee is fixed or

contingent, may not be considered in the lodestar calculation.

See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549

(9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345

(9th Cir. 1993).  Once calculated, the "lodestar" is

presumptively reasonable.  See Pennsylvania v. Del. Valley

Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see

also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar

figure should only be adjusted in rare and exceptional cases).

Although Plaintiffs do not request a lodestar award of

attorneys' fees in this case, this Court uses the fees that it

could have awarded the Plaintiffs under the lodestar analysis as

a gauge of the reasonableness of the attorneys' fees provided for

in the settlement agreement.  See, e.g., McMillon v. Hawai`i,

Civil No. 08-00578 LEK, 2011 WL 744900, at *4 (D. Hawai`i

Feb. 22, 2011) (stating that Court will use the lodestar analysis

as a guide to evaluate the reasonableness of all agreed upon

attorneys' fees in a settlement of action including, *inter alia*,

12

claims under the Americans with Disabilities Act of 1990).

If Plaintiffs' counsel calculated their attorneys' fees according to the lodestar analysis, the fees would be as follows for counsel from Alston Hunt Floyd & Ing ("AHFI"):

| AHFI Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| Paul Alston | $350 | 2.10 | $ 735.00 |
| Jason Kim | $240 | 24.80 | $5,952.00 |
| Kelly Guadagno - paralegal | $ 75 | 3.30 | $ 247.50 |
| | | Subtotal | $6,934.50 |
| | 4.712% State Excise Tax | | $ 326.75 |
| | | **Total** | **$7,261.25** |

[Motion, Decl. of Jason H. Kim ("Kim Decl.") at ¶¶ 3-4, Exh. 1.] Mr. Alston and Mr. Kim have forty and twelve years of litigation experience, respectively. [Kim Decl. at ¶ 5.]

Plaintiffs' counsel from the Lawyers for Equal Justice ("LEJ") recorded the following hours in this case:

| LEJ Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| M. Victor Geminiani | $285 | 53.92 | $15,367.20 |
| Elizabeth Dunne | $185 | 2.90 | $ 536.50 |
| William Durham | $150 | 4.70 | $ 705.00 |
| Jennifer Albertson | $125 | 22.16 | $ 2,770.42 |
| Erica Dickey | $125 | 32.90 | $ 4,112.50 |
| Deja Marie Ostrowski | $ 75 | 5.25 | $ 393.75 |
| | | Subtotal | $23,885.37 |
| | 4% State Excise Tax | | $ 955.41 |
| | | **Total** | **$24,840.78** |

[Pltfs.' Submission of Amended Decl. & Exhibit in Supp. of Motion, filed 2/10/11 (dkt. no. 64), Amended Decl. of M. Victor Geminiani ("Amended Geminiani Decl.") at ¶¶ 3-4, Exh. 2 at 16.] Mr. Geminiani has been practicing law since 1969 and specializes in poverty law with an emphasis in federal litigation. Ms. Dunne was first admitted to practice law in 2001, and was admitted to

the Hawai`i bar in 2009.  Mr. Durham was admitted to the Hawai`i
bar in 2004.  Both Ms. Albertson and Ms. Dickey were first
admitted to practice law in 2007, but Ms. Dickey is not licensed
to practice law in Hawai`i.  Ms. Ostrowski is a recent law school
graduate who is not licensed to practice law in Hawai`i.  LEJ
argues that Ms. Dickey's and Ms. Ostrowski's rates are comparable
to the prevailing rates for paralegals in the community.
[Amended Geminiani Decl. at ¶ 5.]

A.    **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable,
the Court considers the experience, skill, and reputation of the
attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829,
840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should
reflect the prevailing market rates in the community.  See id.;
see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir.
1992), as amended on denial of reh'g, (1993) (noting that the
rate awarded should reflect "the rates of attorneys practicing in
the forum district").

In addition to their own statements, attorneys are
required to submit additional evidence that the rate charged is
reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263
(9th Cir. 1987).  Mr. Kim states AHFI's hourly rates are based
upon the hourly rates that this Court awarded AHFI in its Order
Granting in Part and Denying in Part Plaintiffs' Motion for Award

14

of Attorneys' Fees and Costs in <u>Blake, et al. v. Nishimura, et al.</u>, CV 08-00281 LEK, 2010 WL 1372420 (D. Hawai`i March 31, 2010).  [Kim Decl. at ¶ 4.]  In <u>Blake</u>, the Court also addressed reasonable hourly rates for Mr. Geminiani and Mr. Durham.  2010 WL 1372420, at *9.

### 1.   **Alston Hunt Floyd & Ing**

The hourly rates in the instant case for Mr. Alston, Mr. Kim, and Ms. Guadagno are the same as, or lower than, the rates that this Court awarded them in <u>Blake</u>.  <u>See id.</u> Mr. Alton's and Mr. Kim's hourly rates are also the same as the rates that this Court recently awarded them in <u>McMillon</u>. Ms. Guadagno's hourly rate is slightly higher than, but still comparable to, the rate that this Court awarded her in <u>McMillon</u>. <u>See</u> 2011 WL 744900, at *7.  The Court therefore FINDS that the cited rates for Mr. Alston, Mr. Kim, and Ms. Guadagno are manifestly reasonable.

### 2.   **Lawyers for Equal Justice**

The hourly rates in the instant case for Mr. Geminiani and Mr. Durham are the same as the rates that this Court awarded them in <u>Blake</u>.  2010 WL 1372420, at *9.  All of the LEJ hourly rates are the same as the rates that this Court awarded LEJ in <u>McMillon</u>.  <u>See</u> 2011 WL 744900, at *7.  The Court therefore FINDS that the cited rates for Mr. Geminiani, Ms. Dunne, Mr. Durham, Ms. Dickey, Ms. Albertson, and Ms. Ostrowski are manifestly

reasonable.

**B.    Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Under the traditional lodestar analysis, this Court would apply some deductions for unnecessarily duplicative tasks, including correspondence and document review, and for clerical items, such as coordinating the filing of court documents.  The Court will exclude five percent of all of the claimed hours to account for these non-compensable tasks.  The Court finds that

the remainder of the hours would be compensable under the lodestar analysis.

C. **Total Lodestar Award**

Thus, if the Court were to award a lodestar fee to Plaintiffs' counsel in the instant case, the fee for all work that counsel has done thus far would be:

| AHFI Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| Paul Alston | $350 | 2.00 | $ 700.00 |
| Jason Kim | $240 | 23.56 | $5,654.40 |
| Kelly Guadagno - paralegal | $ 75 | 3.14 | $ 235.50 |
| | | Subtotal | $6,589.90 |
| | 4.712% State Excise Tax | | $ 310.52 |
| | | **Total** | **$6,900.42** |

| LEJ Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| M. Victor Geminiani | $285 | 51.22 | $14,597.70 |
| Elizabeth Dunne | $185 | 2.76 | $ 510.60 |
| William Durham | $150 | 4.47 | $ 670.50 |
| Jennifer Albertson | $125 | 21.05 | $ 2,631.25 |
| Erica Dickey | $125 | 31.26 | $ 3,907.50 |
| Deja Marie Ostrowski | $ 75 | 4.99 | $ 374.25 |
| | | Subtotal | $22,691.80 |
| | 4% State Excise Tax | | $ 907.67 |
| | | **Total** | **$23,599.47** |

III. **Costs**

AHFI has incurred $1,096.33 in costs in costs to date in this matter, including state excise tax on taxable items. [Kim Decl., Exh. 2.] LEJ apparently has not incurred any costs in this matter. AHFI's costs include, *inter alia*, filing fees, research costs, discovery expenses, service fees, copying costs, and postage. Under a traditional analysis of taxable costs and non-taxable costs, the Court would find that all of Plaintiffs'

costs are compensable.

Based on the Court's review of the amounts that this Court would award Plaintiffs under a traditional analysis, this Court FINDS that the proposed allocation of $21,766.13 of the settlement fund for an award of Plaintiffs' attorneys' fees and costs is reasonable. Plaintiffs' Motion is therefore GRANTED.

### FINAL APPROVAL OF SETTLEMENT

Rule 23(e) states, in pertinent part:

The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:

(1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

(2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

(3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

. . . .

(5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

"The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." In re Syncor ERISA Litig., 516 F.3d 1095, 1100 (9th

Cir. 2008) (citation omitted).

The Court must examine the settlement as a whole for overall fairness.  The Court must approve or reject the settlement in its entirety; it cannot alter certain provisions.  See <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1026 (9th Cir. 1998).  The Court must balance the following factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

<u>Id.</u> (citations omitted).

The Court has already evaluated the proposed settlement and found it to be fair, reasonable, and adequate pursuant to Rule 23(e).  [Prelim. Approval Stip. & Order at 10.]  The Court reaffirms that finding here.

Despite being duly notified of the settlement, no Class Member has filed objections to the settlement with the Court.  Furthermore, no Class Member appeared at the final fairness hearing to object to the settlement.  Finally, although Plaintiffs have presented evidence that eight Class Members do not wish to participate in the settlement, the Court notes that none of those Class Members expressed any objections to either the terms of the settlement or the representation that counsel

has provided to the Class.  The Court therefore FINDS that no Class Member objects to this settlement, and this is further support for the Court's conclusion that the settlement is fair, reasonable, and adequate.

### CONCLUSION

In light of the foregoing, the Court ORDERS as follows:

1.  The Court FINDS that the requirements of Federal Rules of Civil Procedure Rule 23(e) have been satisfied and that the settlement agreement is fair, reasonable, and adequate.

2.  The Court therefore GRANTS final approval of the settlement, and ORDERS Defendants to: fund the settlement fund; distribute settlement proceeds; and otherwise perform their duties under the settlement agreement within ninety (90) days after the filing of this Order.

3.  As of the effective date of the settlement, the released claims of each Class Member who has not opted out, pursuant to the terms of the settlement agreement, are and shall be deemed to be fully, finally, and conclusively resolved as against Defendants.

4.  Within ninety (90) days after the funding of the settlement fund, Plaintiffs' counsel shall file with the Court a report showing the distribution of the settlement fund.

5.  Upon receipt of such report and approval by the Court and the settling parties, this Court will dismiss

Plaintiffs' claims against Defendants with prejudice.

      IT IS SO ORDERED.

      DATED AT HONOLULU, HAWAII, March 31, 2011.



      /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**TIMOTHY SHEA, ET AL. V. KAHUKU HOUSING FOUNDATION, INC., ET AL;
CIVIL NO. 09-00480 LEK-RLP; ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING PLAINTIFFS' MOTION FOR AN
AWARD OF ATTORNEYS' FEES AND COSTS**